UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Plaintiff,

v.                                        No. 14-CV-0705 MCA/CG

JOYCE GUERIN,

     Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Entry of Default Judgment [Doc. 12]. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the motion.

## BACKGROUND

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") is a foreign mutual insurance company with its principle place of business in the State of Illinois. State Farm is a duly licensed insurance company authorized to do business in the State of New Mexico. Defendant Joyce Guerin ("Guerin"), State Farm alleges upon information and belief, is a citizen of the State of New Mexico and is a resident of Bernalillo County, New Mexico.

State Farm brings this declaratory judgment action pursuant to 28 U.S.C. Section 2201 for the purpose of determining whether State Farm has a duty to defend or indemnify Guerin for damages arising out of a lawsuit ("underlying action") filed by Wendy Sawyer ("underlying plaintiff") against Guerin. State Farm alleges that the Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. Section 1332, that complete diversity exists, and that the amount in

controversy exceeds $75,000 because the limits of the insurance policy at issue exceed $75,000.

State Farm's Complaint for Declaratory Judgment ("Complaint") alleges the following additional relevant facts. The accident that is the subject of the underlying lawsuit and Guerin's insurance claim against State Farm occurred on June 25, 2012. Guerin was driving an automobile in Albuquerque, New Mexico, when she was involved in a collision with a vehicle driven by Sawyer, who subsequently filed the underlying action against Guerin. Guerin maintains that she is entitled to coverage under a policy of insurance issued by State Farm, and she has tendered the defense of the Sawyer's lawsuit to State Farm.

At issue is State Farm policy number 060 9214-D26-31B, which State Farm issued to Guerin for and in consideration of the payment of an insurance premium. This policy provided coverage on the 2011 Chevrolet Camaro that Guerin was driving at the time of the collision with Sawyer. On April 13, 2012, however, more than two months prior to the accident, State Farm sent Guerin a Balance Due Notice indicating that, to keep the policy in force, payment for the automobile insurance policy was due on or before May 16, 2012. On May 22, 2012, State Farm sent Guerin a Cancellation Notice to the address provided by Guerin to State Farm. The Cancellation Notice gave Guerin notice that State Farm was cancelling Guerin's policy of insurance covering the 2011 Chevrolet Camaro at 12:01 A.M. on June 4, 2012—which was 21 days prior to Guerin's automobile accident—because Guerin had failed to pay the insurance premiums necessary to keep the policy in force. The Complaint alleges that State Farm's Notice of Cancellation met all of the policy's and New Mexico's requirements for cancellation of the coverage.

On August 11, 2014, State Farm filed its Complaint in this Court seeking a judgment declaring that it does not have a duty to defend or indemnify Guerin in the underlying action. The return of service indicates that State Farm served Guerin by delivering a copy of the summons and

complaint to Marcos Guerin, a person of suitable age and discretion who resides at Defendant Guerin's usual place of abode. [Doc. 3]. The proof of service does not contain the date on which the process server effected service, but does identify September 2, 2014, as the date upon which the process server signed her declaration under penalty of perjury indicating that she had served Guerin. [*Id.*].

Guerin's answer to the Complaint was due on September 23, 2014. The time to plead or otherwise respond to the Complaint has not been extended by agreement of the parties or by order of the Court. Guerin is not a minor or an incompetent person and, State Farm alleges, on information and belief, is not currently an active member of the United States Armed Forces. To date, Guerin has failed to appear, plead, or otherwise defend within the time allowed.

On December 2, 2014, the Clerk of this Court filed its Entry of Default against Defendant Guerin. [Doc. 10]. Thereafter, on December 23, 2014, State Farm filed this Motion for Entry of Default Judgment. [Doc. 12].

## **STANDARD**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b) provides that, after the clerk has entered default, and a plaintiff applies to a court for default judgment, a district court may enter a default judgment. *See* Fed. R. Civ. P. 55(b). Rule 55(b) further provides that a district "court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id.*

Upon a motion for default judgment, a district court accepts as true all well-pled allegations in a complaint, except those related to proving damages. *See U.S. v. Craighead*, No. 05-6227, 2006 WL 936684, *2 (10th Cir. Apr. 12, 2006). Our Tenth Circuit has held that, "when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties," and that the court must "'exercise[] its responsibility to determine that it has the power to enter the default judgment." *Metropolitan Life v. Johnson*, 2015 WL 1945398 (D. Colo. April 19, 2015) (quoting *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10thCir. 1986)); *see Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (holding that a default judgment is not appropriate if the court does not have jurisdiction over the subject matter and the defendant). Once a district court concludes that it has the power to enter a default judgment against a defendant, the court next must determine whether the well-pled allegations of the complaint, if true, state a claim for relief. *See* Alan C. Wright & Arthur R. Miller, Federal Practice & Procedure § 2688, at 63 (explaining that upon a motion for default judgment a court must determine whether the facts alleged in the complaint, if true, "constitute a legitimate cause of action" entitling the plaintiff to relief); *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-CV-02445-LTB-MJW, 2008 WL 793606, *1 (D. Colo. Mar. 22, 2008) (after determining it has jurisdiction over the subject matter and the defendant, a court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment") (citing *McCabe v. Campos*, 05-CV-00846-RPM-BNB, 2008 WL 576245 (D. Colo. Feb. 28, 2008). A trial court is vested with broad discretion in deciding whether to enter a default judgment. *See Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

## **DISCUSSION**

Upon a motion for default judgment, the Court first must determine, accepting the allegations in the Complaint as true, *see Craighead*, 2006 WL 936684, *2, whether it has subject matter jurisdiction over the Complaint and personal jurisdiction over Defendant Guerin.  *See id.*; *Venable*, 721 F.2d at 300.   Having reviewed the allegations in the Complaint, the Court holds that it has the power to enter a default judgment against Guerin.

The facts alleged in the Complaint confer subject matter jurisdiction on the Court pursuant to 28 U.S.C. Section 1332.   The Complaint alleges facts from which the Court can conclude that State Farm is a resident of Illinois, that Guerin is a resident of New Mexico, and that the amount in controversy exceeds $75,000.   Thus, State Farm's complaint falls within this Court's diversity jurisdiction.   *See* 28 U.S.C. § 1332.

The allegations in the Complaint also establish that the Court has personal jurisdiction over Guerin.   A federal court sitting in diversity may only assert personal jurisdiction over a defendant . . . "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located," and if the exercise of personal jurisdiction under state law comport[s] with the Fourteenth Amendment's due process clause.  *U.S. v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002 (quoting Fed. R. Civ. P. 4(k)(1)(A)).   New Mexico's long-arm statute confers the maximum jurisdiction permissible consistent with the Fourteenth Amendment's due process clause.  *See Tercero v. Roman Catholic Diocese*, 48 P.3d 50, 54 (N.M. 2002) (citation omitted).    Thus, the Court's first statutory inquiry effectively collapses into the second constitutional analysis.  *See Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007).   The Fourteenth Amendment's due process clause requires, for a court to assert personal jurisdiction over a defendant, that a defendant have (1) sufficient "minimum contacts" with the forum state (2) such that subjecting the defendant to the court's jurisdiction will not offend traditional conceptions

of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). Because the Complaint alleges that Guerin is a resident of New Mexico, this Court's exercise of personal jurisdiction over the defendant clearly comports with the due process clause.

Our Tenth Circuit has indicated that a district court does not have personal jurisdiction over a defendant if the defendant was not served. *See Venable*, 721 F.2d at 300. Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after the complaint is filed or be subject to dismissal without prejudice of the complaint. *See* Fed. R. Civ. P. 4(m). State Farm filed the Complaint on August 11, 2014. Although the proof of service submitted by the process server does not contain the date on which service was effected, this omission is not significant because the proof of service indicates the date upon which the process server signed her declaration under penalty of perjury that she served Guerin. From this date of September 2, 2014, the Court can infer that service upon Guerin occurred on or prior to September 2, 2014. Thus, State Farm's service upon Guerin was timely.

The Court further concludes that State Farm served Guerin properly under Federal Rule of Civil Procedure 4(e). Federal Rule 4(e) provides that "an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by," among other methods, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), or "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," Fed. R. Civ. P. 4(e)(2)(B). The proof of service attests that Marcos Guerin was "a person of suitable age and discretion," [Doc. 3], and thus satisfies the requirements of Federal Rule

4(e)(2)(B).   The proof of service also complies with the requirements of Federal Rule 4(l).   *See* Fed. R. Civ. P. 4(l)(1) (providing that "[u]nless service is waived, proof of service must be made to the court" and that, "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit").   Thus, the proof of service is sufficient to establish that State Farm properly served Guerin pursuant to Federal Rule 4(e)(2)(B).

Having concluded that it has the power to enter a default judgment against Guerin, the Court next must determine whether the well-pled allegations of the Complaint, if true, state a claim for relief.   *See* Alan C. Wright & Arthur R. Miller, Federal Practice & Procedure § 2688, at 63; *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-CV-02445-LTB-MJW, 2008 WL 793606, *1 (D. Colo. Mar. 22, 2008).   State Farm seeks a declaratory judgment against Guerin pursuant to 28 US.C. Section 2201 declaring that State Farm has no duty to defend or indemnify Guerin in the underlying action arising out of Guerin's June 25, 2012, car accident.   The Complaint's allegations, if true, establish that State Farm cancelled the policy pursuant to which Guerin seeks coverage effective 12:01 a.m., on June 4, 2012, because Guerin failed to pay the policy's premium.   The policy, therefore, was not in effect at the time of the June 25, 2012, accident.   Thus, the allegations in the Complaint state a claim for the declaratory relief State Farm requests.

Federal Rule of Civil Procedure 55(b) authorizes the Court to enter a default judgment without a hearing if the Court determines, in its discretion, that no hearing is appropriate.   *See* Fed. R. Civ. P. 55(b).   Alternatively, Rule 55(b) provides that the Court may conduct a hearing to obtain an accounting, determine the amount of damages, or establish the truth of any allegations in the Complaint by evidence.   *See id.*   The Court concludes that a hearing is not necessary because

the Complaint does not seek damages.[1]  Moreover, the allegations in the Complaint do not suggest that the Court needs to establish the truth of the allegations by underlying evidence.  Rather, Federal Rule of Civil Procedure 8(b)(6) provides that "An allegation .. other than one relating to the amount of damages .. is admitted if a responsive pleading is required and the allegation is not denied.  If a responsive pleading is not required, an allegation is considered denied or avoided."  Our Tenth Circuit has held that, upon a motion for default judgment, a court accepts as true all well-pled allegations in a complaint, except those related to proving damages.  *See U.S. vs. Craighead,* No. 05-6227, 2006 WL 936684, *2 (10th Cir. Apr. 12, 2006).

Because the Complaint does not seek damages and the allegations of the Complaint do not suggest that a hearing is necessary, the Court declines to conduct a hearing and instead enters default judgment in State Farm's favor pursuant to Rule 55(b) on the record before it.  The Court has the power to enter default judgment against Guerin and the well-pled allegations in the Complaint establish that State Farm is entitled to relief.  Thus, the Court grants State Farm's Motion for Entry of Default Judgment.

## CONCLUSION

**IT THEREFORE IS ORDERED** that Plaintiff's Motion for Entry of Default Judgment [Doc. 12] is **GRANTED**.

**SO ORDERED** this 2nd day of June, 2015.

_____
M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If the Complaint had sought damages, and simply declaratory relief, the Court would need to conduct a hearing if the damages sought were not for a sum certain capable of calculation.  *See Craighead*, 2006 WL 936684, at *2.